UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------- X
ALPHONSO FRANKLIN,                      :
                                        :
                      Plaintiff,        :
                                        :         21cv4810 (DLC)
           -v-                          :
                                        :         OPINION AND ORDER
CONA ELDER LAW, PLLC f/k/a GENSER,      :
DUBOW, GENSER & CONA LLP, KEN KERN,     :
and THE WARTBURG HOME OF THE            :
EVANGELICAL LUTHERAN CHURCH,            :
                                        :
                      Defendants.       :
                                        :
-------------------------------------- X

APPEARANCES:

For plaintiff Alphonso Franklin:
Ahmad Keshavarz
Emma Caterine
Law Office of Ahmad Keshavarz
16 Court Street, Ste 2600
Brooklyn, NY 11241

For defendants Cona Elder Law, PLLC and Ken Kern:
Jeffrey S. Leonard
Meredith Kaplan Stoma
Lewis Brisbois Bisgaard & Smith LLP
One Riverfront Plaza, Ste 800
Newark, NJ 07102

For defendant The Wartburg Home of the Evangelical Lutheran
Church:
Rebecca A. Barrett
Dianna L. Daghir McCarthy
Bria S. Beaufort
Kaufman Borgeest & Ryan LLP
200 Summit Lake Drive
Valhalla, NY 10595

DENISE COTE, District Judge:

Defendant Ken Kern ("Kern"), an attorney at defendant Cona Elder Law, PLLC ("Cona") (collectively, the "Cona Defendants"), filed a lawsuit on behalf of The Wartburg Home of the Evangelical Lutheran Church ("Wartburg") against Alphonso Franklin ("Franklin") in New York state court to collect a debt allegedly owed to Wartburg for services rendered to Franklin's mother.  After the state court lawsuit was dismissed, Franklin brought this lawsuit alleging that the Cona Defendants violated the Federal Debt Collection Practices Act ("FDCPA") and that the Cona Defendants and Wartburg violated New York state laws governing attorney conduct and negligence.

The defendants have moved to dismiss for failure to state a claim.  For the following reasons, the Cona Defendants' motion to dismiss the FDCPA claim is granted.  The Court declines to exercise supplemental jurisdiction over the remaining claims.

## Background

The following facts are drawn from the Complaint filed in this federal action and documents upon which it relies.  For the purposes of deciding this motion, the factual allegations in the Complaint are accepted as true, and all reasonable inferences are drawn in plaintiff's favor.

Wartburg is a nursing home in Westchester County, New York.  Cona, formerly known as Genser, Dubow, Genser & Cona,

LLP, is a law firm based in New York specializing in consumer debt collection and Kern is an attorney affiliated with Cona. Since 2014, Wartburg has regularly engaged attorneys affiliated with Cona, including Kern, to file debt collection lawsuits.

In 2017 and 2018, Franklin's now-deceased mother Madeline Franklin ("Ms. Franklin") was treated at Wartburg over three separate periods of time totaling 120 days. Ms. Franklin's care at Wartburg was covered in part by Medicare, and at the time of Ms. Franklin's death, Franklin was not aware that Ms. Franklin owed $19,140.00 with interest to Wartburg.[1]

On January 23, 2020, Cona, on behalf of Wartburg, filed a Summons with Notice against Franklin and Ms. Franklin in the Superior Court of the State of New York, County of Bronx. The claims in that action were breach of implied contract (as to Ms. Franklin), fraudulent conveyance (as to both plaintiffs), and unjust enrichment (as to Ms. Franklin). On June 18, a verified complaint was filed by Cona on behalf of Wartburg ("State Court Complaint"). The State Court Complaint contained a claim against Franklin for fraudulent conveyance. The claim, made upon information and belief, alleged that Ms. Franklin "wrongfully conveyed her assets and income to" Franklin "without

---

[1] Medicare benefit periods end whenever the person has not received any care for 60 days in a row.

fair consideration" to prevent Wartburg "from recovering monies due it for services provided . . . and said conveyances were accepted by" Franklin.  The State Court Complaint sought attorney's fees under New York Debtor and Creditor Law §276-a. On August 13, Cona filed an amended complaint ("Amended State Court Complaint") on behalf of Wartburg.

On April 1, 2021, Franklin's motion to dismiss the Amended State Court Complaint was granted on the ground that it failed to state a cause of action for fraudulent conveyance under §§ 276 and 275.[2]  The decision stated that the fraudulent conveyance claim was "overly broad and vague and insufficient" and failed to "reveal the source of that information" pleaded on information and belief.

This action was filed on May 28, 2021.  On July 14, the Cona Defendants moved to dismiss.  On July 30, Wartburg moved to dismiss.  Both motions became fully submitted on September 17. This action was reassigned to the Court on September 8.

## Discussion

When deciding a motion to dismiss under Rule 12(b)(6), Fed. R. Civ. P., a court must "accept all factual allegations as

---

[2] On April 27, 2021, Cona and Kern filed a Notice of Appeal on behalf of Wartburg.  Defendants' deadline to perfect their appeal was October 27, 2021.  As the appeal was not perfected, the Order dismissing the Amended State Court Complaint is a final decision.

true" and "draw all reasonable inferences in favor of the plaintiffs." Melendez v. City of New York, 16 F.4th 992, 1010 (2d Cir. 2021) (citation omitted). A claim is sufficiently plausible to withstand a motion to dismiss when the "factual content" of the complaint "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Cavello Bay Reinsurance Ltd. v. Shubin Stein, 986 F.3d 161, 165 (2d Cir. 2021) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). A complaint must do more, however, than offer "naked assertions devoid of further factual enhancement." Mandala v. NTT Data, Inc., 975 F.3d 202, 207 (2d Cir. 2020). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Dane v. UnitedHealthcare Ins. Co., 974 F.3d 183, 189 (2d Cir. 2020) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009)).

I.   Fair Debt Collection Practices Act

The Complaint brings a single federal claim. It is brought against the Cona Defendants for a violation of the FDCPA. The FDCPA was designed to

> eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

15 U.S.C. § 1692.

Under § 1692(e), "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692(e). While the statute includes sixteen subsections which indicate the conduct that is a violation of § 1692, those subsections are "a non-exhaustive list". Avila v. Riexinger & Assocs., LLC, 817 F.3d 72, 75 (2d Cir. 2016) (citation omitted).

FDCPA violations are reviewed under the "least sophisticated consumer" standard. Under this standard, "a notice is deceptive or misleading if it is open to more than one reasonable interpretation, at least one of which is inaccurate." Cortez v. Forster & Garbus, LLP, 999 F.3d 151, 154 (2d Cir. 2021) (citation omitted).

Under § 1692(f), "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692(f). "Like its counterpart, section 1692e, section 1692f contains a non-exhaustive list of unfair practices." Arias v. Gutman, Mintz, Baker & Sonnenfeldt LLP, 875 F.3d 128, 135 (2d Cir. 2017). "The least sophisticated consumer standard is used to determine whether a practice is unfair or unconscionable." Id. Unfair or unconscionable means as used within § 1692(f) "refers to practices that are

shockingly unjust or unfair, or affronting the sense of justice, decency, or reasonableness." Id. (citation omitted).

The Complaint fails to plead a plausible claim that the Cona Defendants used any false, deceptive, or misleading representation or means in connection with the collection of a debt in violation of § 1692(e). In making this claim, the Complaint relies on a description of the pleadings filed in the state court action but fails to identify anything in those pleadings that constituted a false, deceptive or misleading representation or means. The Complaint does not dispute that Wartburg provided care to Ms. Franklin and that the state court action was an effort to collect an outstanding amount due and owing for that care.

In opposition to the motion to dismiss, Franklin argues that the Cona Defendants made false representations in the state court action because they had "no factual basis" for alleging that he had engaged in a fraudulent conveyance; that pleading facts upon information and believe is a tacit admission that there was no factual basis for the fraudulent conveyance claim; and there was no factual basis for a claim for attorney's fees since such fees may only be recovered from a party who engages in a fraudulent conveyance with "actual intent". He argues that while a lawyer may understand the language in the complaint to

be rote recitations of the elements of fraudulent conveyance, the least sophisticated consumer would believe that there was a factual basis for the claim.

Franklin's arguments do not succeed in saving the FDCPA claim.  An allegation, "standing alone" that a defendant "filed and pursued the lawsuit without sufficient evidence fails to state a claim that the lawsuit was a false, deceptive, or misleading representation or means to collect a debt."  Eades v. Kennedy, PC L. Offs., 799 F.3d 161, 172 (2d Cir. 2015).

The Complaint also fails to plead that the Cona Defendants used unfair or unconscionable means in violation of § 1692(f). This claim rests, as does the § 1692(e) claim, on the assertion that the allegations in the Amended State Court Complaint were false.  Plaintiff fails to plausibly allege that the fraudulent conveyance claim contained within the Amended State Court Complaint was an unconscionable means to obtain payment of a debt.  Id.  Plaintiff's FDCPA claim is therefore dismissed.

II.  Supplemental Jurisdiction over State Law Claims

Plaintiff also brings three state law claims.  A district court may decline to exercise supplemental jurisdiction over a state law claim if the district court "has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3).  Once a court has dismissed all federal claims, it

must decide whether the traditional values of "economy, convenience, fairness, and comity" counsel against the exercise of supplemental jurisdiction.  Catzin v. Thank You & Good Luck Corp., 899 F.3d 77, 85 (2d Cir. 2018) (citation omitted).

> In weighing these factors, the district court is aided by the Supreme Court's additional guidance in [Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343 (1988),] that in the usual case in which all federal-law claims are eliminated before trial, the balance of factors will point toward declining to exercise jurisdiction over the remaining state-law claims.

Kolari v. New York-Presbyterian Hosp., 455 F.3d 118, 122 (2d Cir. 2006).

There is no reason in this case to depart from the ordinary practice of dismissing the remaining state law claims.  The sole federal claim has been resolved and discovery has yet to begin in this action.  Judicial economy and comity weigh in favor of the dismissal.  Accordingly, the Court will not exercise supplemental jurisdiction over the state law claims.

## Conclusion

The July 14, 2021, motion of Defendants Cona Elder Law, PLLC and Ken Kern to dismiss is granted.  The FDCPA claim is dismissed with prejudice.  The Court declines to exercise supplemental jurisdiction over the state law claims and they are dismissed without prejudice to refiling in state court.  The Clerk of Court shall close the case.

Dated:     New York, New York
           January 28, 2022

                              _____
                              DENISE COTE
                     United States District Judge