# AHMAD KESHAVARZ
*Attorney at Law*

---

16 COURT STREET, #2600  
BROOKLYN, NY 11241

WWW.NEWYORKCONSUMERATTORNEY.COM  
E-mail: ahmad@NewYorkConsumerAttorney.com

Telephone: (718) 522-7900  
Fax: (877) 496-7809

February 1, 2023

**VIA ECF**
The Honorable Denise Cote
United States District Judge
Southern District of New York
Daniel Patrick Moynihan US Courthouse
500 Pearl Street, Room 1910
New York, NY 10007

> **Re:** Status Letter on Pursuit of Administrator Appointment, as Ordered on November 16, 2022.
> ***Franklin v. Cona Elder Law, PLLC, et al.,*** **No. 1:21-cv-04810-DLC**

Judge Cote:

The undersigned represented Plaintiff Alphonso Franklin in the above-captioned case against Defendants Cona Elder Law, PLLC ("Cona"), a law firm that collects debts for nursing homes, and Wartburg Home ("Wartburg"), a nursing home, for their violations of the Fair Debt Collection Practices Act (FDCPA) and related state laws, and now represents Delvin Franklin to move for substitution in this matter once he has been appointed administrator of his late-father's estate.

This Status Letter is written pursuant to Your Honor's November 16, 2022 Order requesting a status letter by February 1, 2023, regarding continued attempts of Delvin Franklin to be appointed administrator.

In short, the application is still pending review, and Delvin Franklin by and through his probate attorney Judah Schwartz just filed additional documents with the Surrogate's Court to correct the previously noticed deficiencies.

As explain in the prior status report [Dkt. No. 56], more than six months after first filing the application, the Surrogate's Court, Bronx County, informed Mr. Franklin's probate counsel, Judah Schwartz, that it would like additional documents to evaluate the application, specifically an affidavit of heirship, a family tree, and an affidavit to dispense with a bond. These forms were immediately sent to Delvin Franklin by both email and postal mail on October 20, 2022.

Unfortunately Delvin Franklin suffers from anxiety and depression which has been exacerbated by the passing of his father Alphonso Franklin, and from October 20, 2022 until January 24, 2023, he would not respond to communications by email, mail, or phone from the undersigned. On January 24, 2023, contact was finally re-established. While this caused a regrettable delay in correcting the deficiencies noted by the Surrogate's Court, Delvin Franklin did retain all the paperwork sent to him on October 20, and was able to have it filled out and finalized within a week, so as to have his probate counsel file it with the Surrogate's Court, Bronx County prior to this filing.

      Notably, Mr. Schwartz has informed us (and memorialized in an affidavit attached as **Exhibit A**) that these problems are unfortunately common and hinder otherwise straightforward estates from being probated. In this matter, the Surrogate's Court requested an Affidavit to Dispense with Bond despite the fact that there are no assets other than a cause of action with unknown potential value. The court will ordinarily limit the fiduciary's authority to ensure the Surrogate's Court can have a say in the final settlement, which means the court always has a future ability to require a bond. And in this case, with a single person inheriting, the purpose of the bond is obviously questionable as well, since there is no other possible party for whom the bond would be protecting.

      The court rejected the Affidavit of Heirship and requested an amended version because the initial one did not include information about the Decedent's parents or siblings. Pursuant to EPTL 4-1.1, children inherit before parents or siblings and when there is a child, parents and siblings are legally irrelevant.

      In short, while Delvin Franklin accepts responsibility for delay in correcting these deficiencies, the deficiencies at issue were difficult if not impossible to anticipate given they are requesting documents with no relevance to the probating of Alphonso Franklin's estate. But now that these deficiencies have been corrected, it is our hope that Delvin Franklin should be imminently appointed administrator and a motion for substitution can be commenced.

      The undersigned will keep abreast of any change in the status and inform this Court accordingly.

Respectfully,

/s/

Emma Caterine, Esq.