# AHMAD KESHAVARZ
*Attorney at Law*

---

16 COURT STREET, #2600  
BROOKLYN, NY 11241

WWW.NEWYORKCONSUMERATTORNEY.COM  
E-mail: ahmad@NewYorkConsumerAttorney.com

Telephone: (718) 522-7900  
Fax: (877) 496-7809

May 15, 2023

**VIA ECF**

The Honorable Denise Cote  
United States District Judge  
Southern District of New York  
Daniel Patrick Moynihan US Courthouse  
500 Pearl Street, Room 1910  
New York, NY 10007

> **Re:** Status Letter on Pursuit of Administrator Appointment, as Ordered on February 2, 2023.  
> ***Franklin v. Cona Elder Law, PLLC, et al.,* No. 1:21-cv-04810-DLC**

Judge Cote:

The undersigned represented Plaintiff Alphonso Franklin in the above-captioned case against Defendants Cona Elder Law, PLLC ("Cona"), a law firm that collects debts for nursing homes, and Wartburg Home ("Wartburg"), a nursing home, for their violations of the Fair Debt Collection Practices Act (FDCPA) and related state laws, and now represents Delvin Franklin to move for substitution in this matter once he has been appointed administrator of his late-father's estate.

This Status Letter is written pursuant to Your Honor's February 2, 2023 Order requesting a status letter by May 15, 2023, regarding continued attempts of Delvin Franklin to be appointed administrator.

In short, the application is still pending review, and Delvin Franklin by and through his probate attorney Judah Schwartz will be filing additional documents with the Surrogate's Court requested by the Surrogate's Court on May 9, 2023 (**Exhibit A**).

As mentioned in the prior status report, the Surrogate's Court requested an Affidavit to Dispense with Bond despite the fact that there are no assets other than a cause of action with unknown potential value. The court will ordinarily limit the fiduciary's authority to ensure the Surrogate's Court can have a say in the final settlement, which means the court always has a future ability to require a bond. And in this case, with a single person inheriting, the purpose of the bond is obviously questionable as well, since there is no other possible party for whom the bond would be protecting. The Surrogate's Court has now stated that the Affidavit fails to state whether the funeral bill has been paid, despite Mr. Franklin having a receipt from the funeral home showing payment and $0 balance due. We will take the steps necessary to clear up any miscommunication on this matter. The court rejected the amended Affidavit of Heirship and Family Tree as not legible and requested mail of the original to the court, which we will facilitate promptly.

Finally, the court states that the designation page says Philadelphia, which may have been an error made by Mr. Franklin when filling out the form, but one which can be easily and quickly corrected.

In short, while these additional requests made by the Surrogate's Court less than a week ago are unfortunate, they can be and will be easily and quickly remedied, and hopefully now that this matter has the Surrogate's Court's attention the Administrator Appointment will hopefully be imminent.

The undersigned will keep abreast of any change in the status and inform this Court accordingly.

Respectfully,

/s/

Emma Caterine, Esq.